# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

_____

SOUVANNA HOMESOMBATH,

        Petitioner,

v.                                                          Case No. 07-CV-1115

UNITED STATES OF AMERICA,

        Respondent.

_____

## ORDER

On November 15, 2006, a grand jury sitting in this district returned a single-count indictment charging Souvanna Homesombath ("Homesombath") and his co-defendant, Chanthanet Homesombath, with drug-related offenses in violation of 21 U.S.C. §§ 841 and 846. After pleading guilty to the single-count indictment, this court sentenced Homesombath to a seventy-month term of imprisonment and three years of supervised release, together with a fine in the amount of $500.00 and a $100.00 special assessment. Homesombath did not appeal his conviction or sentence.

On December 14, 2007, Homesombath filed a petition under 28 U.S.C. § 2255 to vacate, set-aside, or correct the current federal sentence he is serving. Homesombath sets forth a single ground in his petition and argues that his sentence violates his equal protection rights because he is not eligible for certain benefits that non-deportable U.S. citizens serving federal sentences are. For the reasons set forth below, this court will deny Homesombath's petition under 28 U.S.C. § 2255 and dismiss this action.

## ANALYSIS

Under the terms of § 2255, a petitioner in federal custody may challenge the validity of his confinement "upon the grounds that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law." 28 U.S.C. § 2255. However, relief under § 2255 "is reserved for extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir.1996). Homesombath alleges that he has suffered a violation of his constitutional rights and argues that due to his status as a deportable alien, he is ineligible for half-way house release as certain citizen federal inmates may be. He argues that this violates the Equal Protection Clause of the U.S. Constitution and suggests that to remedy this violation, this court should grant him a downward departure in his sentence.

Section 3624 of Title 18 provides that United States citizens or resident aliens may be eligible for placement in a community confinement center after 90 percent of his or her sentence has been served, assuming good behavior. 18 U.S.C. § 3624(c). This statute does not guarantee community confinement for any federal prisoner, regardless of his or her citizenship; it simply states that placement is required "to the extent practicable." *See id.*

In assessing the constitutionality of a statute, government practice, or the way a statute is implemented, the court must first determine what level of scrutiny to apply. *See City of Chicago v. Shalala*, 189 F.3d 598, 603 (7th Cir. 1999). There are

three levels of scrutiny: (1) rational basis scrutiny; (2) intermediate scrutiny; and (3) strict scrutiny. *See Illinois Bell Telephone Co. v. Village of Itasca, Illinois*, 503 F. Supp. 2d 928, 951 (N.D.Ill. 2007). When one alleges an equal protection violation, as Homesombath has, the level of scrutiny depends on whether the statute targets a "suspect class," such as race, *see Lamers Dairy Inc. v. U.S. Dept. of Agr.*, 379 F.3d 466, 472 (7th Cir.2004); or if the statute burdens a fundamental right. *See Muth v. Frank*, 412 F.3d 808, 817-18 (7th Cir. 2005). If so, then the court will employ the "strict scrutiny" test; otherwise, the government practice will generally be assessed under a rational basis scrutiny test. *See id.*

The Bureau of Prisons may, in its discretion, refuse prisoners with detainers access to the community confinement placement discussed in § 3624. Because "prisoners with detainers" is not a suspect class, this detainer exclusion is valid if it can survive a rational based scrutiny test. *See McLean v. Crabtree*, 173 F.3d 1176, 1186 (9th Cir. 1999). Section 3624(c) allows prisoners to prepare for re-entry into the community. 18 U.S.C. § 3624(c). Due to the significant flight risk and inevitable deportation that prisoners with detainers face, there is little interest in attempting to re-integrate aliens into communities in the United States. These factors, and Congress's plenary power over alien affairs, are rationally related to the legitimate government interest of reserving time and resources to inmates that will ultimately reintegrate to the United States and face little or no risk of deportation. *See Lizarraga-Lopez v. United States*, 89 F.Supp.2d 1166, 1169 (S.D.Cal. 2000). Homesombath has not shown any violation of his equal protection rights, and his

argument that application of § 3524 violates his constitutional rights is without merit. Other district courts adjudicating petitioners' federal habeas motions have made similar determinations. *See id*; *see also Carmona-Nava v. United States*, 2006 WL 3513685 (D.Or. 2006); *Carvajal-Garcia v. United States*, 2003 WL 21143035 (E.D.N.Y. 2003).

Moreover, the court also finds that Homesombath's argument that he should be granted a downward departure to be without merit. Homesombath cites to *Koon v. United States*, 518 U.S. 81 (1996) in his argument that a downward departure is warranted. In *Koon*, the Court held that a sentencing court may "depart from the applicable Guideline range if 'the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described.'" *Koon,* 518 U.S. at 92 (quoting 18 U.S.C. § 3553(b)). Homesombath argues that *Koon* supports a departure in his sentence because his status as a deportable alien presents an exceptional circumstance not considered in the Guidelines' calculus that warrants a departure. However, Homesombath's reliance on *Koon* is misplaced because the Seventh Circuit has held that "departures from the correctly established guideline range based merely on a defendant's status as a deportable alien are not authorized." *United States v. Mexa-Urtado*, 351 F.3d 301, 305 (7th Cir. 2003). Although the court recognized that in certain cases, when a defendant's imprisonment term will be substantially more onerous due to his deportable alien

status, a sentencing court may downwardly depart; the Seventh Circuit was careful to note that the "principal error here is the assumption that a slight difference in end-of-sentence confinement conditions between citizens and aliens - without more - constitutes an appropriate ground for departure. Our cases have never so held." *See id.* Stated another way, Homesombath's non-eligibility for community confinement during the final ten percent of his sentence could not have been grounds for this court to depart downwardly from his sentence, which, the court notes, was at the very bottom of the guideline range. *See id.* Accordingly, not only has Homesombath failed to set forth a constitutional violation, the remedy he suggests is wholly inappropriate.

Accordingly,

**IT IS ORDERED** that Souvanna Homesombaths' petition under 28 U.S.C. § 2255 [Docket # 1] be and the same is hereby **DENIED**;

The clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 8th day of February, 2008.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge